IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MICHAEL S. TODD                                                PLAINTIFF

VERSUS                                CIVIL ACTION NO. 3:05cv392TSL-AGN

LT. LEON SHIELDS,
SUPERINTENDENT MARGARET BINGHAM,
and COMMISSIONER CHRISTOPHER EPPS                    DEFENDANTS

## OPINION and ORDER

This matter is before the court, sua sponte, for consideration of dismissal. The plaintiff, an inmate at the Central Mississippi Correctional Facility (CMCF), Pearl, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Lieutenant Leon Shields, Superintendent Margaret Bingham and Commissioner Christopher Epps. On July 26, 2005, plaintiff was ordered to file a response providing additional information to this court. On August 8, 2005, plaintiff filed his response [document #9] to the court's order.

### Background

The plaintiff complains that he received a Rules Violation Report (RVR) from defendant Shields on January 23, 2005, which was dated January 23, 2004. The plaintiff argues that he did not receive a copy of the RVR within the required time. The plaintiff further asserts that defendant Shields changed the date on the RVR.[1] According to the plaintiff, he notified defendants

---

[1] Attached to his response of August 8, 2005, is a copy of the first and second RVR the plaintiff received concerning the same incident. On the first RVR, the date is 01/23/04. However, on the second RVR, the date is 01/23/05 with the "04" being written over

Bingham and Epps that the date had been changed on the RVR. However, these defendants failed to respond or take any action.

In his response, the plaintiff states that he received a disciplinary hearing on February 3, 2005, with defendant Shields as the Chairperson. The plaintiff was found guilty of the RVR and received as punishment 20 days of isolation. The RVR has not been invalidated or expunged.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status, § 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action fails to state a claim upon which relief may be granted.

To invoke the protections of the due process clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and

---

and changed to "05." The second RVR reflects that a disciplinary hearing was held within eight working days instead of seven because of staff shortage.

significant hardships on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).  Under the circumstances of the instant complaint, this court finds that the plaintiff has failed to present a claim that he is entitled to the procedural due process protections of the Fourteenth amendment.

The plaintiff being placed in isolation for 20 days as a result of a disciplinary hearing did not result in the plaintiff suffering an atypical and significant hardship in relation to the ordinary incidents of prison life.  <u>See</u> <u>Pichardo v. Kinker</u>, 73 F.3d 612, 613 (5th Cir. 1996)(finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest).  Therefore, since the protections of the due process clause were not triggered, it is of no consequence that the date was changed on the RVR. Furthermore, the plaintiff does not have a federally protected liberty interest in receiving a response to his grievances.  <u>See</u> <u>Geiger v. Jowers</u>, 404 F.3d 371, 373-74 (5th Cir. 2005). Therefore, the plaintiff has not suffered a constitutional deprivation that is cognizable under 42 U.S.C. § 1983.

<u>Conclusion</u>

As stated above, the plaintiff's complaints regarding the date being changed on the RVR by defendant Shield and defendants Bingham and Epps failing to respond to his grievances which resulted in the plaintiff being placed in isolation for 20 days

3

fail to state a claim upon which relief may be granted.  As such, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, Section 1915(e)(2)(B)(ii), it will be counted as a "strike".[2]  If the plaintiff receives "three strikes," he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this opinion and order will be entered.

THIS the   22nd    day of September, 2005.

                        /s/ Tom S. Lee
                        UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.